IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>SEAMASTER LOGISTICS, INC., et al.,<br><br>    Defendants. | Case Nos.:  10-cv-5591 SC (JSC)<br>                       11-cv-2861 SC (JSC)<br><br>**ORDER RE: JOINT DISCOVERY LETTERS (Dkt. Nos. 59 & 60)** |

Pending before the Court are the parties' Joint Letter Briefs laying out numerous discovery disputes (Dkt. Nos. 59 & 60). The Court has carefully considered the letter briefs and had the benefit of oral argument on November 8, 2012. As stated at the hearing, the Court orders as follows with respect to the briefed discovery disputes.

**A. Defendants' Discovery Disputes (Dkt. No. 59)**

   **1. Rule 30(b)(6) Depositions**

The parties met and conferred regarding this matter and Plaintiff has agreed to produce two responsive witnesses by phone or video-conference, unless the witness is local in which case the designee shall appear in person.

### 2. Federal Maritime Commission Document

The Court finds that any work product privilege associated with this document was waived when the document was produced to the Federal Maritime Commission ("FMC"). FMC. *See S.E.C. v. Berry*, No. 07-4431, 2011 WL 825742, at *3-6 (N.D. Cal. March 7, 2011); *United States v.Bergonzi*, 216 F.R.D. 487, 497 (N.D. Cal. 2003); *United States v. Reyes*, 239 F.R.D. 591,604 (N.D. Cal. 2006). To the extent that Plaintiff contends that specific information within the document is protected from disclosure because of a concern about retaliation, Plaintiff may submit the unredacted document to the Court for *in camera* review. Plaintiff shall accompany its *in camera* submission with a letter brief explaining the legal and factual basis for the redactions. Plaintiff shall simultaneously serve Defendants with the FMC document redacted only to shield that information which it contends is protected by its concern about retaliation, and a copy of their letter brief (redacted if necessary). Plaintiff shall do so on or before November 15, 2012; Defendants may file a response by November 21, 2012.

### 3. Electronic Database of Service Contracts

Plaintiff shall provide Defendants with contact information for GT Nexus from whom Defendants can inquire as to the cost involved in obtaining access to the electronic database. The parties shall then meet and confer regarding whether they can resolve this issue amongst themselves. If not, the parties may file a letter brief wherein the parties shall set forth their arguments regarding the cost, who should bear the cost, and relevance.

### 4. Richard Hiller Documents

Following submission of the letter brief, Plaintiff served a privilege log. The parties shall meet and confer regarding Defendants' challenge to Plaintiff's assertion of privilege with respect to documents relating to what the freight rating teams in China said about the TAG auditors' findings. One potential resolution is for the parties to agree that Plaintiff's disclosure of the information will not waive any privileges. If the parties are unable to resolve the issue, they may file a letter brief detailing the dispute regarding particular

documents.  The parties shall attach the relevant portions of the privilege log to any letter brief regarding this matter.

### 5. Micahel Yip Documents

Plaintiff has agreed to search for and produce certain Michael Yip emails.

## B. Plaintiff's Discovery Disputes

### 1. Eva Chan Deposition

Defendants are attempting to obtain a visa so that Ms. Chan, a Hong Kong resident, may travel to San Francisco for deposition.  If they are unable to do so, the deposition shall take place in Hong Kong or any other location agreed to by the parties.

### 2. Bills of Lading

The parties need to meet and confer further regarding this matter.  Plaintiff shall identify with specificity what documents it seeks and Defendants shall confirm whether they have been produced or searched for.  If a dispute remains, the parties shall file a letter brief.

### 3. Sales and Marketing Documents

Plaintiff's Fourth Request for the Production of Documents, Number 3 seeks "all sales materials, powerpoint presentations, and other documents described by Robert Agresti and/or Robert O'Neil as part of the "road show" in connection with the solicitation of investors for what became the Summitt Group, and/or in connection with the sale of the Summit group companies to the Toll Group."  (Dkt No. 68-1, p. 52.)  Plaintiff contends that these documents are related to both its substantive RICO claim and its RICO conspiracy claim.  Because Defendants do not concede that there was in fact "an enterprise" between the Defendants, Plaintiff is entitled to any responsive documents showing that the Defendants were working together for a common enterprise.  Accordingly, Defendants shall produce any sales or marketing information described by Robert Agresti and/or Robert O'Neil in connection with the solicitation of investors for the Summitt Group or the sale of the Summit Group to the Toll Group which indicates or demonstrates that the Defendants were working together.

### 4. Documents Related to Termination of the Shenzhen Trucking Arrangement

Defendants represent that there are no documents reflecting instructions from Eva Chan to SeaMaster regarding termination of the Shenzhen truck arrangement.

### 5. Financial Data Regarding the Shenzhen Trucking Arrangement

Defendants represent that they do not have any FMI records in their custody or control. If Plaintiffs wish to challenge this statement, they may move to compel via a joint letter brief.

## CONCLUSION

Plaintiff shall submit its *in camera* submission and letter brief regarding the FMC document on or before November 15, 2012; Defendants may file a response by November 21, 2012.

To the extent that the parties seek to file further letter briefs regarding the matters herein, they must do so on or before November 28, 2012.  The parties may file a separate letter brief of no more than 8 pages with at least 12 point font for each issue.  The parties shall attach all necessary supporting documentation to their letter briefs.  Upon receipt of any further letter briefs, the Court will notify the parties as to whether a hearing is necessary.

This Order disposes of Docket Nos. 59, 60, 64, 68, 69 in Case No. 10-5591, and Docket Nos. 107, 108, 115, 119, 120 in Case No. 11-2861.

**IT IS SO ORDERED.**

Dated: November 8, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE