IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SEAMASTER LOGISTICS, INC., et al.,<br><br>Defendants. | Case Nos.:   10-cv-5591 SC (JSC)<br>                       11-cv-2861 SC (JSC)<br><br>**ORDER RE: IN CAMERA REVIEW OF FMC DOCUMENT (Dkt. Nos. 82 & 84)** |

Plaintiff submitted an unredated version of the Federal Maritime Commission ("FMC") document to the Court for *in camera* review pursuant to the Court's Orders of November 8 and 14, 2012. (Dkt. Nos. 77 & 80.) Plaintiff also submitted a declaration from an individual identified in the FMC document who fears retaliation should an unredacted version of the document be produced to Defendants. Having reviewed these documents and considered the relevant authority, the Court GRANTS Defendant's request to compel disclosure of the document in part.

The Court previously found that Plaintiff had waived any work product privilege associated with the document by producing it to the FMC. *See* Dkt. No. 77 at 2:1-6. The only question currently before the Court is whether the document should nonetheless be

redacted to shield the identity of a third-party who fears retaliation. Under Federal Rule of Civil Procedure 26, the Court looks to whether the revised redacted information is potentially relevant to the claims and defenses in this action. The Court finds that it is for the reasons stated by Defendant in their November 28, 2012 submission to the Court. (Dkt. No. 84.) However, the Court must also consider the confidentiality concerns of the third-party who fears retaliation. In this regard, the Court finds that the concerns regarding retaliation can be alleviated through a protective order providing that this highly confidential information be designated Attorneys' Eyes Only; Defendants' attorneys would not be permitted to share the information with their clients (including in-house attorneys) or anyone else without prior order of the Court.

Accordingly, the parties shall meet and confer regarding such a protective order. The parties are encouraged to submit a stipulated protective order utilizing language from the Court's Model Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. The parties shall submit either a Stipulated Protective Order or joint letter brief regarding the competing proposals for a protective order on or before Thursday, December 6, 2012.

This Order disposes of Docket Nos. 82 & 84 in Case No. 10-5591, and Docket Nos. 138 & 139 in Case No. 11-2861.

**IT IS SO ORDERED.**

Dated: December 3, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE