ERICH P. WISE (Bar No. 63219)
FLYNN, DELICH & WISE LLP
One World Trade Center, Suite 1800
Long Beach, CA 90831
Telephone:      (562) 435-2626
Telecopier:     (562) 437-7555
Email:          erichw@fdw-law.com


CONTE C. CICALA  (Bar No. 173554)
FLYNN, DELICH & WISE LLP
343 Sansome Street, Suite 540
San Francisco, CA  94104
Telephone:      (415) 693-5566
Telecopier:     (415) 693-0410
Email:          contec@fdw-law.com

Attorneys for Plaintiff
MITSUI O.S.K. LINES, LTD.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD. | ) Case No.: CV 11 2861 SC and<br>) 10 CV 5591 SC |
| Plaintiff, | ) |
| | ) **STIPULATED PROTECTIVE ORDER –** |
| vs. | ) **LIMITED PURPOSE – PROVIDED FOR** |
| | ) **BY COURT'S DECEMBER 3, 2012** |
| SEAMASTER LOGISTICS, INC., SUMMIT | ) **ORDER RE: IN CAMERA REVIEW OF** |
| LOGISTICS INTERNATIONAL, INC., and | ) **FMC DOCUMENT (Dkt. Nos. 82 & 84)** |
| AMERICAN GLOBAL LOGISTICS LLC, | ) |
| Defendants, | ) |
| _____ | ) |
| AND RELATED ACTION AND | ) |
| COUNTERCLAIMS | ) |
| _____ | ) |

Left margin vertical text: FLYNN, DELICH & WISE LLP — ATTORNEYS AT LAW — 343 SANSOME STREET, SUITE 540 — SAN FRANCISCO, CALIFORNIA 94104 — (415) 693-5566

1.    **PURPOSES AND LIMITATIONS**

On December 3, 2012, the Court directed the parties to submit a Protective Order to protect the identity of a third party who fears retaliation in the event his/her identity or company name is disclosed in this proceeding or otherwise made public.  In its December 3rd Order, the Court found that the concerns regarding retaliation can be alleviated through a protective order providing that the subject third party's identity and that of his company is considered "highly confidential information" and is to be designated as such and for "Attorneys' Eyes Only." The Court further held that, "Defendants' attorneys would not be permitted to share the information with their clients (including in-house attorneys) or anyone else without prior order of the Court."  This Protective Order has the limited purpose of carrying out the intent of that order, is binding only on Defendants hereto who actually receive or review Protected Material hereunder, and except as expressly set forth herein has no bearing on, and does not supersede, the other protective orders in these related cases.  Because it is intended to carry out the intent of this Court's December 3, 2012 Order, in the event of any conflict between that Order and this one, the terms of the former shall prevail.

Nothing herein compels a Defendant or its counsel to access the material protected hereby. In lieu of being bound by this order, a Defendant and its counsel can opt not to have access to the materials protected hereby.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated

STIPULATED PROTECTIVE ORDER
Case No.: 10 CV 5591 and 11 CV 02861 SC

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA  94104
(415) 693-5566

Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.    DEFINITIONS

2.1     <u>Attorneys (without qualifier)</u>: Outside Counsel of Record for Defendants .

2.2     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.3     <u>Disclosure or Discovery Material</u>: For purposes of this Order, this references the material protected by this Court's "Order Re: In Camera Review of FMC Document (Dkt. Nos. 82 & 84)" dated December 3, 2012 (Document #146, Case 11-cv-2861)(hereinafter, "December 3, 2012 Order"), specifically the identity of the person(s) and/or entity(ies) whose identity is to be disclosed only to outside counsel for the defendants herein.

2.4     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. For purposes of this Order, this means that information which has been redacted from the Supplemental Disclosure to the FMC addressed in the Court's December 3, 2012 order, i.e. the Disclosure or Discovery Materials as defined above.

2.5     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.6     <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.7     <u>Party</u>: any party to this action, including all of its officers, directors, employees,

STIPULATED PROTECTIVE ORDER
Case No.: 10 CV 5591 and 11 CV 02861 SC

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA 94104
(415) 693-5566

consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.8     Protected Material: any Disclosure or Discovery Material that is "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." – specifically, the identity of the person(s) and/or entity(ies) whose identity is presently redacted, and only to be disclosed only to outside counsel for the defendants herein.

2.9     Receiving Party: a Defendant that opts to review and/or receive the Disclosure or Discovery Material protected by this Order.  In the context of this Order, which prevents the client (including in-house counsel) from receiving the material, this effectively means outside counsel for that Defendant only.

**3.      SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     STIPULATED PROTECTED MATERIAL**

The parties in this litigation stipulate that the following information is "Highly Confidential Information and for Attorneys' Eyes Only."

STIPULATED PROTECTIVE ORDER
Case No.: 10 CV 5591 and 11 CV 02861 SC

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA 94104
(415) 693-5566

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA  94104
(415) 693-5566

a.  Protected Material and Disclosure and Discovery Material as defined by this Order.

b.  The identity of the Third Parties, whether individuals, or entities, or both (and any reference to the personal and business identity) whose identity is protected by the Court's December 3, 2012 Order (hereinafter, "Third Party") and who has/have been redacted from the supplementary disclosure of Mitsui O.S.K. Lines, Ltd. ("MOL") provided to the Federal Maritime Commission ("FMC").

c.  Any document or portion of a document (whether derivative or otherwise) which references or identifies the Third Party as the source of certain information provided to MOL and/or the FMC, or otherwise references or refers to Protected Material.

5.2    Manner and Timing of Designations.  Designation has already been effected through this Court's December 3, 2012 Order.  Marking documents as "Highly Confidential Information and for Attorneys' Eyes Only" is not a discretionary exercise on the part of counsel, but rather a ministerial act performed as contemplated by that Order.  In the event that any defendants is provided with a copy of Protected Material that has inadvertently not been so marked, it is their obligation to so mark it.

5.3    Inadvertent Failures to Designate.  Because this designation is performed pursuant to a Court Order, designation is not a discretionary act by Plaintiff, but rather a ministerial act. Defendants are bound by this protective order with respect to the materials protected hereby regardless of mistake or inadvertence in designating these materials HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  See 5.2 above.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

The designation protected by this Order derives from Court Order following a disputed motion, and not discretionary designation of the parties.  The only manner by which a party can challenge the designation of the materials protected hereby is by a rules-compliant motion for

STIPULATED PROTECTIVE ORDER
Case No.: 10 CV 5591 and 11 CV 02861 SC

reconsideration.

**7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order and this Court's order dated December 3, 2012. When the litigation has been terminated, a Receiving Party must comply with the provisions of the section below called FINAL DISPOSITION.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  In addition to the rules on disclosure as set forth in this Court's December 3, 2012 Order, the defendants are prohibited from revealing, or causing to be revealed, Protected Material, including by indirect means or device. The sole recourse to properly reveal this information to anyone not entitled to know it is by prior court order.  Defendants may not circumvent this order by any means or device.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Outside Counsel is not permitted to share this information with their clients (including in-house attorneys) or anyone else without prior order of the Court.

STIPULATED PROTECTIVE ORDER
Case No.: 10 CV 5591 and 11 CV 02861 SC

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA  94104
(415) 693-5566

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA 94104
(415) 693-5566

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Plaintiff. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) pursue all reasonable procedures to protect the information from disclosure.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.      <u>MISCELLANEOUS</u>**

10.1      <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

10.2      <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

STIPULATED PROTECTIVE ORDER
Case No.: 10 CV 5591 and 11 CV 02861 SC

1  Party waives any right to object on any ground to use in evidence of any of the material covered

2  by this Protective Order.

3          10.3    Filing Protected Material. Without a court order secured after appropriate notice to

4  all interested persons, a Party may not file in the public record in this action any Protected

5  Material. A Party that seeks to file under seal any Protected Material must comply with Civil

6  Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant

7  to a court order authorizing the sealing of the specific Protected Material at issue, referring to this

8  Order and the Court's December 3, 2012 Order as the basis thereof.  If a Receiving Party's request

9  to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is

10  denied by the court, then the Receiving Party may not file the Protected Material in the public

11  record unless otherwise instructed by the Court.

12  **11.      FINAL DISPOSITION**

13          Within 60 days after the final disposition of this action, as defined in paragraph 4, each

14  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

15  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

16  summaries, and any other format reproducing or capturing any of the Protected Material. Whether

17  the Protected Material is returned or destroyed, the Receiving Party must submit a written

18  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

19  by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected

20  Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

21  any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

22  of the Protected Material.

23

24

25  DATED:  December 5, 2012                           FLYNN, DELICH & WISE LLP

26                                                                        /s/

27                                                        By: _____

28                                                               Erich P. Wise

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA 94104
(415) 693-5566

STIPULATED PROTECTIVE ORDER
Case No.: 10 CV 5591 and 11 CV 02861 SC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FLYNN, DELICH & WISE LLP**
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA  94104
(415) 693-5566

                                                    Conte C. Cicala
                                            Attorneys for Plaintiff
                                            MITSUI O.S.K. LINES, LTD.

DATED:  December 5, 2012            EMARD DANOFF PORT TAMULSKI
                                                & PAETZOLD, LLP

                                                        /s/

                                            By: _____
                                                    Eric Danoff
                                                    Katharine Essick
                                            Attorneys for Defendants
                                            SEAMASTER LOGISTICS, INC. and TOLL
                                            GLOBAL FORWARDING (AMERICAS)
                                            INC.

DATED:  December 5, 2012            LAW OFFICES OF KIRK B. FREEMAN

                                                        /s/

                                            By: _____
                                                    Kirk B. Freeman
                                                    Matthew Mallet
                                            Attorneys for Defendant
                                            AMERICAN GLOBAL LOGISTICS, LLC

DATED: December 5, 2012            BERMAN FINK VAN HORN P.C.

                                                        /s/

                                            By: _____
                                                    Benjamin Fink
                                                    Neal Weinrich
                                            Attorneys for Defendant
                                            AMERICAN GLOBAL LOGISTICS, LLC

DATED:  December 5, 2012            LAW OFFICE OF DAVID COHEN

                                                        /s/

                                            By: _____
                                                    David Cohen
                                            Attorneys for Defendants
                                            KESCO CONTAINER LINC, INC., and
                                            KESCO SHIPPING, INC.

DATED:  December 5, 2012            TONSING LAW FIRM

-9-

STIPULATED PROTECTIVE ORDER
Case No.: 10 CV 5591 and 11 CV 02861 SC

1

2          By: _____
                    /s/
3                   Michael J. Tonsing
             Attorneys for Defendants
4            KESCO CONTAINER LINC, INC., and
             KESCO SHIPPING, INC.

5

6

7    PURSUANT TO STIPULATION, IT IS SO ORDERED.

8    DATED: _December 6, 2012_____     _Jacqueline S. Corley_____

9                                       Hon. Jacqueline Scott Corley

10                                      United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA 94104
(415) 693-5566

-10-

STIPULATED PROTECTIVE ORDER
Case No.: 10 CV 5591 and 11 CV 02861 SC

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty of perjury that I have read

5

in its entirety and understand the Stipulated Protective Order that was issued by the United States

6

District Court for the Northern District of California on [date] in the case of _____ **[insert**

7

**formal name of the case and the number and initials assigned to it by the court]**. I agree to

8

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

9

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

10

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

11

item that is subject to this Stipulated Protective Order to any person or entity except in strict

12

compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for

14

the Northern District of California for the purpose of enforcing the terms of this Stipulated

15

16

Protective Order, even if such enforcement proceedings occur after termination of this action.

17

I hereby appoint _____ [print or type full name] of

18

_____ [print or type full address and telephone number]

19

as my California agent for service of process in connection with this action or any proceedings

20

related to enforcement of this Stipulated Protective Order.

21

22

Date: _____

23

City and State where sworn and signed: _____

24

25

Printed name: _____
              [printed name]

26

27

Signature: _____
           [signature]

28

STIPULATED PROTECTIVE ORDER
Case No.: 10 CV 5591 and 11 CV 02861 SC

FLYNN, DELICH & WISE LLP
ATTORNEYS AT LAW
343 SANSOME STREET, SUITE 540
SAN FRANCISCO, CALIFORNIA 94104
(415) 693-5566