IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SEAMASTER LOGISTICS, INC., et al.,<br><br>Defendants. | Case No.:   10-cv-5591 SC (JSC)<br><br>**ORDER RE: JOINT STATEMENT REGARDING DISCOVERY DISPUTE, (Dkt. No. 94)** |

Pending before the Court is a Joint Statement regarding a discovery dispute whereby Defendant SeaMaster Logistics, Inc. ("SeaMaster"), moves to compel responses to certain document requests seeking communications between two employees of Plaintiff Mitsui O.S.K. Lines, Ltd. ("MOL") and a company known as Centurion Logistics Services ("Centurion"). (Dkt. No. 94.) Having considered the arguments raised by the parties and the pleadings in this case, the Court GRANTS Defendant's request as set forth below.

**DISCUSSION**

Under the Federal Rules of Civil Procedure a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated

to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1).  The Court has broad discretion to permit discovery of potentially relevant evidence. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Defendant seeks records of correspondence between two of Plaintiff's employees, Catherine Wong and Yamby Lun, and Centurion, a Non-Vessel-Operating common carrier ("NVO").  Centurion was owned and controlled by Michael Yip, formerly a District Director of Hong Kong & South Asia for Plaintiff MOL.[1]  According to a document submitted by Plaintiff to the Federal Maritime Commission, Mr. Yip, through Centurion, "took control of the booking process and improperly distributed NVO cargo amongst several different MOL service contracts, including" that of the Defendant SeaMaster.  (Dkt. No. 94-1 at 16.)  Both Ms. Wong and Ms. Lun directly reported to Mr. Yip during the period of time when this occurred.  Ms. Wong was the head of MOL's Hong Kong customer service department from 2007-2011.  Ms. Lun worked in the sales division directly under Mr. Yip for more than 10 years, and in 2009, when he was promoted to the Director position she took his position as General Manager of Sales.

Defendant seeks communications between Ms. Wong and Centurion and Ms. Lun and Centurion because both individuals testified that they knew of Centurion, they were both directly supervised by Mr. Yip (who owned and controlled Centurion) during the time period at issue, and Ms. Wong was questioned by Plaintiff's internal auditor regarding shipments Centurion placed with MOL using SeaMaster's service contract.  Defendant also argues that the evidence could be relevant to its defense of Plaintiff's claim that the Defendants, including SeaMaster, were engaged in a conspiracy to defraud Plaintiff.

Plaintiff objects to the document requests as overbroad, burdensome, and untimely.  The Court finds Plaintiff's arguments unpersuasive.  That Defendant served the discovery request on the last day to do so does not make it untimely.  Moreover, Defendant has since modified the requests to seek communications between January 1, 2008-December 31, 2011—performing an electronic search for emails between Ms. Wong and Ms. Lun and

---

[1] Yip has since resigned from MOL and his whereabouts are unknown.

Centurion during this limited time period is neither burdensome nor overbroad.  Finally, whatever minimal burden there might be is outweighed by the potential relevance of this evidence to understanding what exactly was going on with Centurion since its actions may give rise to some of the claims of undercharges, and to defending against Plaintiff's claim that "the evidence in this case plainly points to defendants concealing the nature of the relationship between defendants and Centurion." (Dkt. N0. 94 at 5.)

       Accordingly, the Court finds that the request is narrowly-tailored to seek relevant evidence.  Plaintiff shall perform an electronic search of Ms. Wong and Ms. Lan's emails from January 1, 2008-December 31, 2011 for emails with Centurion.  Plaintiff shall produce responsive documents, if any, within 10 days from the filing of this Order.

       This Order disposes of Docket No. 94 in Case No. 10-5591.

**IT IS SO ORDERED.**

Dated:  December 7, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE