United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MITSUI O.S.K. LINES, LTD.,

    Plaintiff,

    v.

SEAMASTER LOGISTICS, INC., et al.,

    Defendants.

Case No.:   10-cv-5591 SC (JSC)

**ORDER RE: JOINT STATEMENT REGARDING DISCOVERY DISPUTE, (Dkt. No. 95)**

    Pending before the Court is a Joint Statement regarding a discovery dispute whereby Defendant SeaMaster Logistics, Inc. ("SeaMaster") moves to compel responses to a document request regarding internal audits conducted by Plaintiff Mitsui O.S.K. Lines, Ltd. ("MOL").  (Dkt. No. 95.)  Having considered the arguments raised by the parties and the pleadings in this case, the Court GRANTS Defendant's request in part as set forth below.

## DISCUSSION

    Under the Federal Rules of Civil Procedure a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1).  The Court

has broad discretion to permit discovery of potentially relevant evidence. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Defendant moves to compel responses to four document requests seeking the following:

> Request 24: MOL internal audit reports, including but not limited to "Audit Observation Summary" reports described by Geoffrey Chan at his deposition, that refer or pertain to Shipments originating in Hong Kong.
>
> Request 25: MOL internal audit reports, including but not limited to "Audit Observation Summary" reports described by Geoffrey Chan at his deposition, that refer or pertain to Shipments originating in Shenzhen.
>
> Request 26: MOL internal audit reports, including but not limited to "Audit Observation Summary" reports described by Geoffrey Chan at his deposition, that refer or pertain to MOL's calculation of freight and charges for the Shipments.
>
> Request 41: The MOLIPS INDIA freight audits which covered any shipment under the SERVICE CONTRACTS. Alexander Ng described such freight audits at his deposition in July 2012.

One of Plaintiff's claims is a breach of contract claim whereby Plaintiff alleges that it undercharged Defendants for certain shipments and seeks to recover the difference between what Plaintiff charged and what it should have charged. Plaintiff's outside auditor and designated trial expert TAG/ICIB Services ("TAG") calculated the amount of undercharges as $19,136,840.16. Through this disputed discovery Defendant seeks the results of any internal MOL audits of the work of the freight rating teams who were responsible for selecting the charges under the service contracts for each shipment. Defendant contends that MOL's freight rating teams reviews TAG's work and disagreed with TAG's calculation for many shipments. Defendant thus seeks additional information regarding MOL's internal audit of the freight rating teams to discover evidence regarding how Plaintiff's employees behaved under the contract, how they interpreted the contract, and how they applied the contract.

Plaintiff has agreed to respond to Requests 24-26 with respect to audit reports performed by a Mr. Chan; however, Plaintiff states that it "cannot locate any copies of Mr.

Chan's audit reports or records showing any finding or audit of calculation of freight and charges of Seamaster and/or Summit shipments" (Dkt. No. 95 at 5.)  Plaintiff does not explain why it limited its response to Mr. Chan's audit reports.  Absent any argument to the contrary, the Court finds that Defendant is entitled to any MOL internal audit responsive to Requests 24-26. Plaintiff shall respond to these Requests within 10 days of the filing of this Order.

With respect to Request 41 seeking the MOLIPS audits, Plaintiff objects as untimely and overly burdensome.  As the Court previously noted, serving a discovery request on the last day to do so does not make it untimely in and of itself.  Plaintiff's burden argument is more compelling.  Plaintiff estimates that between 2008 and 2010 MOLIPS audited 938,000 shipments, less than 5% of which were under SeaMaster or Summit service contracts.  Further, Plaintiff's objections to Request 41 stated that "[t]he reports generated were summary reports of the shipments checked," rather than compilations of data regarding the rating of particular shipments.  The Court must balance the burden of this discovery on Plaintiff with the likelihood that it will produce relevant evidence.  The burden here is significant given that the data contains potentially confidential information regarding third-party shipments which Plaintiff would either have to redact or produce subject to a protective order.[1]  The Court finds that the likelihood that this discovery would produce relevant, probative discovery is low given that less than 5% of the MOLIPS audit data relates to the service contracts at issue and the data that does would be in summary form which would not provide Defendant additional information regarding particular rating decisions and the corresponding alleged undercharges.  Accordingly, the Court declines to order any additional response to Request 41.

This Order disposes of Docket No. 95 in Case No. 10-5591.

**IT IS SO ORDERED.**

---

[1] The Court is not persuaded by Defendant's argument that the audits of third-party shipments are relevant to the claims here.  The fact that other shipments involved similar goods is irrelevant when the amount charged for a particular good is governed the specific service contract between MOL and the other party.

Dated: December 7, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE