United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MITSUI O.S.K. LINES, LTD.,

Plaintiff,

v.

SEAMASTER LOGISTICS, INC., SUMMIT LOGISTICS INTERNATIONAL, INC., KESCO CONTRAINER LINE, INC.; KESCO SHIPPING, INC., and DOES 1 through 20,

Defendants.

Case Nos. 11-cv-02861-SC
10-cv-05591-SC

ORDER GRANTING PLAINTIFFS' AND DEFENDANTS SEAMASTER AND SUMMIT'S MOTIONS FOR ATTORNEYS' FEES

## I. INTRODUCTION

Now before the Court are Plaintiff Mitsui O.S.K. Lines, Ltd. ("MOL") and Defendants Seamaster Logistics, Inc. and Summit Logistics International, Inc.'s ("Defendants") cross-motions for attorneys' fees. MOL moves for fees in Case Number 11-cv-02861-SC (the "trucking case" or "'61 Case"). '61 Case ECF No. 264 ("MOL Mot."). Defendants move for fees in Case Number 10-cv-05591-SC (the "freight re-rating case" or "'91 Case"). '91 Case ECF No. 199 ("Defs.' Mot.").

///

///

Both motions are fully briefed,[1] and both are suitable for decision without oral argument per Civil Local Rule 7-1(b). As explained below, the Court GRANTS both parties' motions.

## II. BACKGROUND

MOL is an ocean carrier and common carrier of goods between the United States and foreign ports. Defendants are non-vessel operating common carriers ("NVOCC"). MOL contracted with Defendants to carry goods to the United States and foreign ports. All of these agreements were governed by a complicated array of bills of lading, tariffs, and service contracts.

After internal audits and a tip from another NVOCC led MOL to believe that Defendants were defrauding it in various ways, MOL sued Defendants. In the freight re-rating case, MOL asserted that Defendants obtained ocean carriage from MOL at rates less than those established in MOL's published tariffs and federally filed service contracts. Based on those undercharges, MOL sued Defendants for violation of the Shipping Act of 1984 (the "Shipping Act"), 46 U.S.C. § 40101 et seq., breach of maritime contract, and accounting. In the trucking case, MOL asserted that Defendants conspired to induce MOL to pay for fake trucking shipments between inland factories and ports. Based on those allegations, MOL sued Defendants under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. MOL also asserted claims for intentional and negligent misrepresentation and civil conspiracy.

[1] '61 Case ECF Nos. 278 ("Opp'n to MOL Mot."), 289 ("Reply ISO MOL Mot."); '91 Case ECF Nos. 211 ("Opp'n to Defs.' Mot."), 216 ("Reply ISO Defs.' Mot.").

After a three-week trial, the Court found for MOL in the trucking case and against it in the freight re-rating case. '91 Case ECF No. 194 (Findings of Fact & Conclusions of Law ("FFCL")). Now MOL moves for attorneys' fees in the trucking case, and Defendants move for fees in the freight re-rating case.

## III. ANALYSIS

### A. MOL'S Motion for Fees

MOL requests fees based on the following provision of MOL's Tariff No. 138, which sets forth the terms and conditions of MOL's bill of lading and is incorporated into all Service Contracts between MOL and Defendants:

> The Merchant [Defendants] shall be liable to the Carrier [MOL] for the payment of all Freight and/or expenses including but not limited to court costs, legal fee [sic] and expenses incurred in collecting monies due to the Carrier.

MOL Mot. Ex. A ("Tariff") ¶ 11(5). MOL's Service Contracts also include arbitration clauses that grant MOL several exceptions to otherwise-mandatory arbitration in disputes under the Service Contracts, though only the following exception is relevant to this case:

> . . . MOL may bring an action for unpaid freight or charges due for transportation services performed for Shipper in any court of competent jurisdiction. For purposes of the foregoing exceptions, the Parties consent to personal jurisdiction and venue in any California Court. The party obligated to pay such sums shall be liable to the Party owed such sums for interest on the principal sum on and after the due date plus reasonable attorney's fees and costs.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Opp'n to MOL Mot. Ex. B ("Service Contract(s)") Clause 19(d).[2] The Service Contracts further specify that they control in any conflicts with the incorporated Tariff. Id. Clause 2.

MOL argues that it is entitled to fees under the Tariff because it incurred expenses while attempting to collect the money Defendants tricked it into paying as part of their false trucking scheme. MOL Mot. at 3-4.

Defendants respond that MOL is not entitled to fees in the trucking case because the Court cannot grant fees in a fraud case absent a contract providing for fees, an equitable grant of fees in the interest of justice, or a statute or rule providing for fee-shifting. See Opp'n to MOL Mot. at 2. As to MOL's argument that the Tariff is a contract providing for fees in this case, Defendants claim that the fee provision in the Tariff is restricted to the recovery of money due under the contract itself, which Defendants say excludes tort actions for fraud. Id. at 5-6. Further, Defendants argue that the Service Contracts conflict with the Tariff's fee provision, such that the Service Contracts' narrower provision for fees under the arbitration clause restrict MOL's access to fees. Id.

As to how these agreements should be interpreted, the Service Contracts incorporate the Tariff and contain no surplusage, but the presence of two clauses that each contain a fee provision does not mean that the narrower provision in the Service Contracts cancels the broader one in the Tariff. The Service Contracts' fee provision is available to MOL in an action under the Service

[2] Two particular Service Contracts were at issue in this case, but since their relevant parts are identical, the Court cites them generally as "Service Contracts" for purposes of this discussion.

United States District Court
For the Northern District of California

Contracts, as part of Clause 19(d)'s exception to the Service Contracts' otherwise-mandatory arbitration provision. The Court finds that the Tariff's fee provision is separate from the Service Contracts' arbitration clause exception and not in conflict with it.

Further, the Court finds that that the expansive language of the clause allows the fee provision in the Tariff to apply generally to MOL's actions to collect monies due, since the Tariff renders Defendants liable to MOL for payment of all "Freight and/or expenses . . . incurred in collecting monies due [to MOL]." Tariff ¶ 15(d). The Court also finds that MOL's claims against Defendants in the trucking case were actions undertaken to collect monies due. MOL was entitled to take back the money Defendants had tricked it into paying, and it incurred expenses doing so. Further, it is clear that MOL's causes of action arose "out of or in connection with" the Tariff, since that document embodied the parties' relationship that gave rise to Defendants' fraud. See Marsu, B.V. v. Walt Disney Co., 185 F.3d 932, 939 (9th Cir. 1999). Therefore the Court finds that MOL is entitled to attorneys' fees in the trucking case.

Finally, after reviewing MOL's briefs and documentation, as well as Defendants' responses, the Court finds MOL's request for fees reasonable. The Court awards MOL $703,403.50 in attorneys' fees. The Court declines to consider any of MOL's alternative bases for or calculations of its requested fees, since MOL's main argument prevailed.

///

///

**B. MOL's Costs**

MOL requested a total of $110,528.22 in costs. '61 Case ECF No. 263 ("Bill of Costs"). Defendants timely filed an objection to MOL's Bill of Costs, requesting that MOL's recoverable costs be reduced to $18,893.81. '61 Case ECF No. 281 ("Obj'n to Costs"). MOL filed a brief in support of its Bill of Costs, requesting that the Court award MOL all costs not otherwise withdrawn. '61 Case ECF No. 290. The Clerk of Court ultimately taxed a total of $75,543.81. '61 Case ECF No. 292 ("Taxation of Costs"). Defendants thereafter requested that the Court reduce the Clerk's Taxation of Costs by $20,490.66, because MOL had agreed to withdraw those costs but the Clerk did not account for MOL's withdrawal. '61 Case ECF No. 295 (Suppl. Decl. of Essick ISO Obj'n to Costs ("Essick Supp. Decl.")); Essick Suppl. Decl. Ex. B ("MOL's Withdrawals").

Aside from the withdrawn costs, which relate to printing fees and "other costs," Defendants object to five categories of costs: (1) fees of the clerk; (2) fees for service of summons and subpoena, and for private process servers; (3) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (4) fees for exemplification and copying; and (5) compensation of interpreters. See Obj'n to Costs at 2-4. Defendants claim that these costs should be disallowed, halved, or allocated to other defendants.

An award of costs to a prevailing party is routine under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. In considering objections to a party's bill of costs, it is the district court's responsibility to exercise its discretion. See

Assoc. Of Mexican-Am. Educators of Cal., 231 F.3d 572, 591-93 (9th Cir. 2000).

The Court has reviewed MOL's Bill of Costs, Defendants' Objections, the Clerk's Taxation of Costs, and Defendants' supplemental statements. Defendants have not filed a formal motion challenging the Clerk's Taxation of Costs, but their supplemental filings (filed after the Taxation of Costs) serve essentially the same purpose at this point. Though the Clerk did not state at length why some of MOL's requested costs were disallowed, the Clerk specified which Local Rules rendered some of MOL's requested costs unrecoverable. See Taxation of Costs at 2. The Court, having reviewed the Rules in relation to the requested costs, finds the Clerk's decision appropriate, except where the Clerk taxed costs that MOL had specifically withdrawn. In short, MOL is not entitled to costs related to cases in which it did not prevail, for costs that the Local Rules do not permit, or for costs it withdrew.

As for Defendants' arguments about why MOL's costs should be reduced further, the Court declines to halve costs (like certain depositions) that Defendants claim are applicable to both the freight re-rating case and the trucking case, since it is impossible to partition them without accounting for relevance or sunk costs. For the same reason the Court declines to allocate certain costs to Defendants' co-defendant Kesco Container. Finally, the Court declines to disallow costs that are taxable under the Local Rules, like graphic design or printing services that were reasonably necessary for trial.

Accordingly, the Court OVERRULES all of Defendants' objections except those related to the withdrawn costs. The Clerk should

United States District Court
For the Northern District of California

disallow MOL's costs for fees and disbursements for printing ($4,149.08) and for "other costs" ($16,341.58). See Essick Supp. Decl.; MOL's Withdrawals at 1-4. The Clerk should accordingly tax costs of $55,053.15 for MOL, as opposed to $75,543.81.

**C. Seamaster and Summit's Motion for Fees**

Defendants move for fees in the freight re-rating case. They argue that California Civil Code section 1717 entitles them to fees in this case because they were the "prevailing parties." See Def.'s Mot. at 2-4. Now the Court must decide whether to grant Defendants fees under California Civil Code section 1717(a), which provides as follows:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Actions "on a contract" are not just breach of contract actions. "On a contract" extends to any action involving a contract under which one of the parties could recover fees after prevailing in a lawsuit. See In re Tobacco Cases I, 124 Cal. App. 4th 1591, 1601 (Cal. Ct. App. 2011). For cases like this one, in which a defendant claims to be the prevailing party in an action on a contract, the California Supreme Court has stated that "when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law." Hsu v. Abbara, 9

Cal. 4th 863, 876 (Cal. 1995). In determining which party prevailed, the Court must consider the extent to which each party succeeded and failed in its contentions on the contract claims. Id. All of these considerations are meant to serve the legislative purpose of section 1717: to establish a mutuality of remedies when a contractual provision makes recovery of fees available for only one party to an action. Id. at 870.

Defendants argue that the Court should apply California law on the attorneys' fees issue because the Service Contracts (the underlying contracts in the freight re-rating case) include the following choice of law provision: "This Contract is subject to the U.S. Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998, and shall otherwise be construed and governed by the laws of the State of California, except for its choice of law rules." Service Contracts Cl. 19(d) (emphasis added). Accordingly, Defendants assert that under California law, they are the "prevailing parties" in the freight re-rating action because they successfully defended against all of MOL's claims based on the Service Contracts.

MOL argues that a Ninth Circuit case, Roy Allen Slurry Seal v. Laborers International Union, 241 F.3d 1142, 1146 (9th Cir. 2001), does not allow the Court to apply California law because the basis of jurisdiction in this case is maritime or federal question jurisdiction, not diversity jurisdiction. See Opp'n to Defs.' Mot. at 2. MOL also argues that the fee provision in the Service Contracts is reciprocal, not unilateral, obviating section 1717 because it only applies to unilateral fee provisions. Id. at 3.

MOL is wrong on both points. First, California law applies to

United States District Court
For the Northern District of California

this Clause even though the Court is not exercising diversity jurisdiction over this case. This is an action "on the contract," and the contract is indisputably governed by California law, not any statutory provision or federal common law. Service Contracts Cl. 19(a). MOL's authority, Roy Allen, primarily concerned the Labor Management Relations Act, which the Ninth Circuit held preempts California Civil Code section 1717 because section 1717 would otherwise disrupt the federal government's interest in the uniformity of federal labor law and the interpretation of collective bargaining agreements. 241 F.3d at 1146. The Ninth Circuit in Roy Allen did not indicate that it meant to preclude federal courts from applying California law in an action on a contract explicitly governed by California law. Significantly, the Roy Allen Court did not address Resolution Trust Corporation v. Midwest Federal Savings Bank, 36 F.3d 785 (9th Cir. 1993), which specifically directs district courts to apply state law in cases like this one unless the claim for fees arose under a federal statute. 36 F.3d at 799. Resolution Trust included an exception to that rule for cases in which "issues peculiar to . . . federal law" were litigated, but the Supreme Court overruled the case that was the basis for that exception. Travelers Cas. and Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 451-52 (2007) (abrogating In re Fobian, 951 F.2d 1149 (9th Cir. 1991)). Therefore the Court finds that the fee provision in this case is governed by California law, and no federal issue explicitly or implicitly preempts the application of California Civil Code section 1717 in this case.

The Court finds that the freight re-rating case was an action

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

on a contract. All of MOL's causes of action were based on the Service Contracts, and under those contracts, MOL was entitled to fees. The Court also finds that Defendants were the prevailing parties in the freight re-rating case. In one sense, MOL lost the freight re-rating case as much as Defendants "won" it, but the decision was "purely good news" for Defendants, since they were not liable for any cause of action on the contract, and "purely bad news" for MOL, which lost on every claim. See Hsu, 9 Cal. 4th at 876 ("[W]hen the decision on the litigated contract claims is purely good news for one party and bad news for the other[,] the Courts of Appeal have recognized that a trial court has no discretion to deny attorney fees to the successful litigant.").

Accordingly, the Court finds that the balance of good and bad news favors Defendants, whose definition of a critical contract term was a central part of the Court's holding in the freight re-rating case. Even if the Court considered Defendants' abandoned or mooted counterclaims in this analysis, Defendants would still be the prevailing party, since all of their counterclaims were contingent on their being found liable to MOL in the freight re-rating case, which they were not. The Court therefore finds that Defendants are entitled to reasonable attorneys' fees under California Civil Code section 1717.[3]

[3] MOL's attempt to claim that the fee provision of the Service Contracts is not unilateral relies on an out-of-context quotation from the contract. MOL quotes the part of the Service Contracts that states only "[t]he party obligated to pay such sums shall be liable to the party owed such sums." However, the preceding sentences of the Service Contracts indicate that only MOL is permitted to sue for "such sums" (i.e., attorneys' fees). No other party to the contract can do the same. The Court therefore finds that the fee provision is unilateral.

United States District Court
For the Northern District of California

Further, the Court finds Defendants' requested fees reasonable and well documented. The Court awards Defendants $580,426.11 in attorneys' fees.

Separately, MOL claims that awarding fees when Defendants have been found liable for fraud in the trucking case would be fundamentally unjust and inequitable. Therefore MOL urges the Court to deny Defendants' motion for fees. The Court declines to do so. Defendants request fees in relation to the freight re-rating case, not the trucking case. MOL lost the freight re-rating case, and Defendants prevailed. Under the applicable law, they are therefore entitled to what they paid to defend themselves against MOL. It is not unjust or inequitable to award Defendants fees for defending against MOL's meritless action on the contract.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**IV. CONCLUSION**

Per above, the Court GRANTS Plaintiff Mitsui O.S.K. Lines, Ltd. and Defendants Seamaster Logistics, Inc. and Summit Logistics International, Inc.'s motions for attorneys' fees. The Court AWARDS Plaintiff $703,403.50 and Defendants $580,426.11 in attorneys' fees.

As for Plaintiff's Bill of Costs, Defendants' objections to portions of Plaintiff's requested costs that Plaintiff agreed to withdraw -- fees and disbursements for printing, and "other costs" -- are SUSTAINED. All of Defendants' other objections are OVERRULED. The Clerk should disallow the amounts it taxed against Defendants for fees and disbursements for printing ($4,149.08) and for "other costs" ($16,341.58). The Court requests that the Clerk tax costs totaling $55,053.15 for MOL and against Defendants, in accordance with this Order.

IT IS SO ORDERED.

Dated: June 7, 2013

UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California